*In re* **TULLY**, Michelle Lee (MR 20235 & 20334)
Antioch, IL

Order of the Court:

(MR 20235) The petition by the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board is allowed. Respondent Michelle Lee Tully is suspended from the practice of law for one year, with the suspension stayed after 90 days and respondent placed on probation for one year, subject to the following conditions:

a. Respondent shall, within the first 30 days of probation, enroll in a law office management program sponsored by or through the Cook County, Chicago or other bar association and shall, upon enrollment, notify the Administrator, in writing, of the name of the attorney with whom respondent is assigned to work. Respondent shall successfully complete the law office management program prior to the end of the term of probation. Through her participation in the law office management program, respondent shall establish and utilize the following:

(1) A system for maintaining records as required by Supreme Court Rule 769;

(2) A system by which telephone messages are recorded and telephone calls are returned in a timely manner;

(3) A system by which written requests by clients for the status of their legal matters are responded to, either orally or in writing, in a timely manner;

(4) For cases in which the fee is to be calculated on an hourly basis, a system by which clients are provided with regular, itemized billing statements provided at least quarterly, setting forth the services performed by respondent, the date upon which each service was performed, the time spent by respondent on each service and the amount to be charged to the client.

b. Prior to the termination of her probation, respondent shall make restitution to John Wilkins in the amount of $500.

c. Respondent shall notify the Administrator within 14 days of any change of address.

d. Respondent shall establish and utilize a system for handling funds belonging to clients and third parties and the maintenance of records that conforms to the requirements of Rule 1.15 of the Illinois Rules of Professional Conduct and instructions provided to respondent by the Administrator, including:

(1) Trust Account Procedures

Daily and accurately maintain the following records:

(A) Account Check Register—List sequentially all trust account deposits and trust account checks and maintain a current and accurate daily balance on the trust account.

Account Receipts Journal—List chronologically all deposits into the trust account. Each deposit will list the date of the deposit, the source of each deposit, the client matter, the deposit number and the amount of the deposit. Maintain a copy of each item deposited.

(B) Account Disbursement Journal—List chronologically all trust account disbursements. Identify each disbursement with the date of the disbursement check, the trust account check number, the payee, the purpose of the disbursement, the client matter and the amount of the disbursement check.

(C) Client Ledger Journal—List Chronologically for each client matter all receipts, disbursements and remaining balances. Prepare a separate page for each client matter and list chronologically all receipts and disbursements and remaining balances for each client matter.

(2) Source documents which must be preserved for seven years:

(A) Bank statements

(B) Deposit slips

(C) Cancelled checks—All trust account checks must have named payee (no checks written to "cash") and the memo portion of the check must contain a reference to a client matter.

(D) Time and billing records

(E) Copies of records from client files that are necessary for a full understanding of the lawyer's financial transactions with the client: e.g., retainer and engagement agreements; settlement statements to clients showing the disbursement of the settlement proceeds; bills sent to clients and records of payments to other lawyers or nonemployees for services rendered.

(3) Reconciliations

There must be a running balance for all ledger and account books. The balances in the client ledger journal must be reconciled each month with the balances in the trust receipts and disbursement journals, the account checkbook register and the bank statements. Records of these reconciliations must be maintained for seven years.

e. During the period of probation, respondent shall meet with counsel for the Administrator on a least a quarterly basis and shall provide the Administrator with any and all documentation and records requested in order to verify compliance. Probation shall be revoked if respondent is found to have violated any of the terms of probation. The remaining nine-month period of suspension shall commence from the date of the determination that any term of probation has been violated.

Suspension effective October 17, 2005. Respondent Michelle Lee Tully shall reimburse the Disciplinary Fund for any Client Protection payments arising from her conduct prior to the termination of the period of suspension/probation. After respondent serves the 90-day unstayed period of suspension, the one-year period of conditional probation will be served consecutive to the discipline imposed in *In re* **Tully**, M.R. 20334. (MR 20334) The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose reciprocal discipline pursuant to Supreme Court Rule 763 is allowed, and respondent Michelle Lee Tully, who has been disciplined in the State of Wisconsin, is suspended from the practice of law in the State of Illinois for two years and until she is reinstated to the practice of law in the State of Wisconsin.

Suspension effective October 17, 2005.

Respondent Michelle Lee Tully shall reimburse the Disciplinary Fund for any Client Protection payments arising from her conduct prior to the termination of the period of suspension.